TOMZEK v DEPARTMENT OF CORRECTIONS

Docket No. 238878. Submitted August 5, 2003, at Lansing. Decided August 26, 2003, at 9:05 A.M. Leave to appeal sought.

James Tomzek and other state prison inmates brought an action in the Ingham Circuit Court against the Department of Corrections, seeking injunctive relief and monetary damages relating to smoking in the plaintiffs' prison. The court, Lawrence M. Glazer, J., granted summary disposition for the defendant. Tomzek appealed.

The Court of Appeals *held*:

The appeal must be dismissed pursuant to MCL 600.5507. When Tomzek initiated his appeal, he failed to comply with the requirement in subsection 5507(2) that a prisoner who brings a civil action or appeals a judgment concerning prison conditions shall, upon commencement of the action or initiation of the appeal, disclose the number of civil actions and appeals that the prisoner has previously initiated. The requirement applies even when the number of previously initiated civil actions and appeals is zero. Subsection 5507(3)(b) provides that a court shall dismiss a civil action or appeal at any time if the court finds that the prisoner failed to comply with the disclosure requirements of subsection 5507(2).

Dismissed.

PRISONS AND PRISONERS — PRISON CONDITIONS — PRISONERS' APPEALS — DISCLOSURE OF PRIOR CIVIL ACTIONS AND APPEALS.

A prisoner who appeals a judgment in a civil action concerning prison conditions must, upon initiation of the appeal, disclose the number of civil actions and appeals that the prisoner has previously initiated, even when that number is zero; a court must dismiss the prisoner's appeal at any time if the court finds that the prisoner has failed to comply with the disclosure requirement (MCL 600.5507[2], [3][b]).

James Tomzek, in propria persona.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Allan J. Soros*, Assistant Attorney General, for the defendant.

.

Before: HOEKSTRA, P.J., and SAWYER and ZAHRA, JJ.

PER CURIAM. Plaintiff appeals from an order of the circuit court granting summary disposition to defendant on plaintiff's claim seeking injunctive relief and monetary damages regarding environmental tobacco smoke in the prison facility in which plaintiff is incarcerated.

Upon commencement of this appeal, plaintiff failed to disclose the number of civil actions and appeals he had previously initiated, as required by MCL 600.5507(2).[1] MCL 600.5507 provides in pertinent part as follows:

> (2) A prisoner who brings a civil action or appeals a judgment concerning prison conditions shall, upon commencement of the action or initiation of the appeal, disclose the number of civil actions and appeals that the prisoner has previously initiated.
>
> (3) The court shall dismiss a civil action or appeal at any time, regardless of any filing fee that may have been paid, if the court finds any of the following:
>
> *     *     *
>
> (b) The prisoner fails to comply with the disclosure requirements of subsection (2).

We note that the statutory language mandates dismissal of the appeal, without regard to how or when the issue was raised. Accordingly, although the interests of judicial economy would have been better served had either (1) defendant raised this issue by way of an earlier motion to dismiss rather than rais-

---

[1] It appears that plaintiff may have also violated the same requirement when filing his complaint in the circuit court, but we do not address that issue in this decision.

ing it in the appellee's brief or (2) this Court detected the defect in plaintiff's filing at the time of the original filing, dismissal is nevertheless now required inasmuch as we are now aware of the defect.

We also note that there may be some question whether plaintiff was obligated to make the required disclosure inasmuch as it appears from this Court's records that he has never previously filed an appeal. That is, it might be argued that the disclosure requirement only exists if there have been previous appeals. However, the statute requires the disclosure of "the number of civil actions and appeals" that a prisoner has previously initiated. The statute does not predicate the disclosure requirement upon the prisoner having, in fact, previously filed civil actions or appeals. In short, a prisoner must disclose the number, even if that number is zero. Also, as a practical matter, while this Court can determine whether a previous appeal has been filed in this Court by a particular prisoner, there is no practical method of determining whether the prisoner has previously filed civil actions in the various trial courts of this state. Thus, if we were to hold that disclosure is only triggered when the prisoner has, in fact, previously filed civil actions (i.e., the number is greater than zero), we would have to rely upon the defendant raising the issue in order to determine noncompliance. Such a procedure would be inconsistent with the statutory directive that the appeal be dismissed, not that it is subject to dismissal when the issue is raised by the appellee.

For the above reasons, we conclude that a prisoner is obligated to disclose at the time of the commencement of an appeal the number of civil actions and

appeals he had previously initiated, even when that number is zero. Further, where a prisoner fails to comply with the statute, the appeal is subject to dismissal at any time, regardless of when in the proceedings it is raised or, for that matter, whether it was raised by the appellee or by the Court on its own motion. Because plaintiff in this case failed to file the required disclosure at the commencement of this appeal and because that failure has now been brought to our attention, the appeal is dismissed pursuant to MCL 600.5507(3)(b).