ANDERSON v MYERS

Docket No. 254260. Submitted September 6, 2005, at Lansing. Decided November 15, 2005, at 9:05 a.m.

Cedric Anderson brought an action in the Kent Circuit Court against Shannon Myers, who was his parole officer, and Michael Hogan and Lois Patten, who were Myers's supervisors, alleging intentional tortious behavior. The court, George S. Buth, J., granted the defendants summary disposition because the plaintiff failed to comply with the requirements of the prison litigation reform act (PLRA), MCL 600.5501 *et seq.* The plaintiff appealed.

The Court of Appeals *held*:

The plaintiff argues that the PLRA does not apply to intentional tortious behavior. While the plaintiff argues that his complaint alleges intentional tortious behavior, the gravamen of the complaint is that Myers treated him unfairly in her supervision of his parole and that Hogan and Patten failed to stop her. Thus, the complaint, however, arises out of acts by Myers in the performance of her duties as a parole officer, and this case falls squarely within the definition of a "civil action concerning prison conditions" covered under the PLRA, MCL 600.5531(a). Moreover, the applicability of the PLRA provisions on which the defendants rely depend not on an individual's status when the cause of action arose, but on the individual's status when an action is filed. The plaintiff was imprisoned when he filed this lawsuit.

Affirmed.

1. PRISONS AND PRISONERS — CIVIL ACTIONS CONCERNING PRISON CONDITIONS — PAROLEES.

The prison litigation reform act, which specifies procedural requirements for a civil action concerning prison conditions brought by a prisoner, applies to an action arising out of acts done by a parole officer in the performance of his or her duties as a parole officer (MCL 600.5531[a]).

2. PRISONS AND PRISONERS — CIVIL ACTIONS CONCERNING PRISON CONDITIONS —
   STATUS AS PRISONER.

    The applicability of the prison litigation reform act, which specifies
   procedural requirements for a civil action concerning prison
   conditions brought by a prisoner, depends on the plaintiff's status
   as a prisoner when the action is filed rather than the plaintiff's
   status when the cause of action arose (MCL 600.5501 *et seq.*).

*John W. Ujlaky* for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Thomas A. Kulick*, Assistant Attorney General, for the defendants.

Before: BANDSTRA, P.J., and NEFF and DONOFRIO, JJ.

BANDSTRA, P.J. Plaintiff Cedric Anderson brought this action against defendant Shannon Myers, who is his parole officer, and defendants Michael Hogan and Lois Patten, who are Myers's supervisors. The trial court granted summary disposition in favor of defendants because plaintiff failed to comply with the requirements of the prison litigation reform act (PLRA), MCL 600.5501 *et seq.* Plaintiff appeals as of right. We affirm.

We review de novo the grant or denial of summary disposition to determine if the moving party is entitled to judgment as a matter of law. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Additionally, we review de novo the interpretation and application of a statute as a question of law. *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003).

Our primary task in construing a statute is to discern and give effect to the intent of the Legislature. *Shinholster v Annapolis Hosp*, 471 Mich 540, 548-549; 685 NW2d 275 (2004). In discerning legislative intent, we give effect to every word, phrase, and clause in a

statute, and consider both the plain meaning of the critical word or phrase as well as its placement and purpose in the statutory scheme. *Id.* at 549. If the language of the statute is unambiguous, the Legislature must have intended the meaning clearly expressed, the statute must be enforced as written, and no further judicial construction is required or permitted. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999).

The PLRA sets forth certain requirements that apply when a "prisoner" brings a "civil action concerning prison conditions." See, e.g., MCL 600.5503(1) ("A prisoner shall not file an action concerning prison conditions until the prisoner has exhausted all available administrative remedies."); MCL 600.5507(2) ("A prisoner who brings a civil action . . . concerning prison conditions shall, upon commencement of the action . . . , disclose the number of civil actions . . . that the prisoner has previously initiated."). The PLRA defines "prisoner" to be "a person subject to incarceration, detention, or admission to a prison . . . ." MCL 600.5531(e). Further, the PLRA defines a "civil action concerning prison conditions" as "any civil proceeding seeking damages or equitable relief arising with respect to any conditions of confinement or the effects of an act or admission of government officials, employees, or agents in the performance of their duties . . . ." MCL 600.5531(a).

Plaintiff argues that his complaint alleges "intentional tortious behavior" and that, therefore, the PLRA does not apply because such conduct cannot be considered to be "in the performance of [defendants'] duties . . . ." We disagree.

The gravamen of plaintiff's action is determined by considering his entire claim, and he may not avoid the

requirements of the PLRA by artful pleading. See *Maiden, supra* at 135. The gravamen of plaintiff's complaint is that Myers treated him unfairly in her supervision of his parole and that Patten and Hogan failed to stop her. For example, plaintiff alleges that Myers restricted him from seeing certain people without any good reason and that she was overly zealous in her surveillance of plaintiff, thus defaming him in his neighborhood. In other words, the gist of plaintiff's complaint is that he did not like the way Myers performed her duties as his parole officer. Thus, plaintiff's complaint arises out of "acts" done by Myers in the "performance of [her] duties" as a parole officer, and this case falls squarely within that portion of the definition of a "civil action concerning prison conditions" under the PLRA. MCL 600.5531(a).[1]

Plaintiff also notes that he was not an "inmate" at the time his causes of action arose. He asserts that he was a parolee, "which made it impossible for him to be able to comply" with the PLRA. Plaintiff does not further expand on that idea, and we fail to discern how someone who is on parole, rather than incarcerated, might be disabled from complying with the various requirements of the PLRA.[2] To the extent that plaintiff

---

[1] Further, we note that the definition of a "civil action concerning prison conditions" is in the disjunctive, including civil proceedings arising with respect to "any conditions of confinement" or with respect to "the effects of an act [done by a government agent] . . . in the performance of . . . [the agent's] duties . . . ." MCL 600.5531(a). Plaintiff does not make any argument that Myers's actions did not constitute "conditions of confinement" for purposes of this definition, and we offer no comment on that issue.

[2] We decline to address plaintiff's argument that he was unable to comply with the PLRA because Hogan and Patten allegedly violated "Policy Directive 03.02.130" by refusing to provide him with a grievance form. This argument is not included in the statement of questions presented, MCR 7.212(C)(5); *Preston v Dep't of Treasury*, 190 Mich App

is arguing that the applicability of the PLRA turns on his status at the time the cause of action arose, i.e., when Myers allegedly mistreated plaintiff while he was on parole, his argument is misguided. The applicability of the PLRA provisions on which defendants rely does not depend on an individual's status as a "prisoner" at the time the cause of action arose, but on the individual's status when an action is filed. See, e.g., MCL 600.5503(1) and 600.5507(2). Plaintiff does not dispute that he was imprisoned at the time he filed this lawsuit.

Further, we do not conclude today that, even if plaintiff were still on parole at the time he filed his action, the PLRA would be inapplicable. A "prisoner" subject to the terms of the PLRA includes "a person subject to incarceration . . . [who has been] convicted of [or] sentenced for . . . violations of state or local law . . . ." MCL 600.5531(e). An argument could certainly be made that a person on parole fits within that definition. Further, the definition applies to "a person subject to . . . detention . . . ." *Id.* As defendants note, as far back as *In Re Eddinger*, 236 Mich 668, 670; 211 NW 54 (1926), our Supreme Court has reasoned that "[t]he purpose of a parole is to keep the prisoner in legal custody while permitting him to live beyond the prison inclosure . . . ." And, as a matter of statutory law, a prisoner on parole remains in the "legal custody and . . . control" of the Department of Corrections. MCL 791.238(1). An argument could certainly be made, therefore, that a person on parole is "subject to . . . detention" and thus a "prisoner" for purposes of the PLRA. MCL 600.5531(e). In any event, we need not

491, 498; 476 NW2d 455 (1991), plaintiff did not raise it below, *Adam v Sylvan Glynn Golf Course*, 197 Mich App 95, 98; 494 NW2d 791 (1992), and it is premised on unsupported factual assertions and documentation that is not part of the lower court record, MCR 7.210(A); *Quinto v Cross & Peters Co*, 451 Mich 358, 362, 367 n 5; 547 NW2d 314 (1996).

decide these questions today because plaintiff was certainly a "prisoner" by any definition since he was imprisoned when he filed this action.

We affirm.