KOMEJAN v DEPARTMENT OF CORRECTIONS

Docket No. 257681. Submitted March 8, 2006, at Lansing. Decided March 23, 2006, at 9:15 a.m.

Michael W. Komejan, an individual who was sentenced to imprisonment for convictions related to distributing child pornography with a computer, brought an action in the Ingham Circuit Court against the Department of Corrections, seeking the correction of information contained in the department's basic information report (BIR) for the plaintiff. The court, James R. Giddings, J., denied the department's summary disposition motion and ordered the department to modify the BIR to reflect that the plaintiff has no criminal sexual conduct convictions. The department appealed.

The Court of Appeals *held*:

Because the plaintiff was at all relevant times a "prisoner" as defined in MCL 600.5531(e), he was required under MCL 600.5507(2) to disclose at the beginning of his lawsuit the number of previous actions relating to prison conditions that had previously pursued, even if that number is zero, as it is in this case. The plaintiff's failure to disclose the number of lawsuits mandates dismissal of the case. The issue is not moot, despite the fact that the plaintiff is currently on parole, because he has not been discharged and the BIR might still affect the department's administration of the plaintiff. Thus, the BIR should not be altered unless the plaintiff follows the appropriate procedure to obtain the remedy he seeks.

Reversed.

*Foster, Swift, Collins & Smith, P.C.* (by *Scott R. Forbush*), for the plaintiff.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Allan J. Soros*, Assistant Attorney General, for the defendant.

Before: SMOLENSKI, P.J., WHITBECK, C.J., and O'CONNELL, J.

PER CURIAM. Defendant appeals as of right the trial court's order requiring it to modify plaintiff's basic information report (BIR) to reflect that plaintiff had no criminal sexual conduct convictions. Specifically, defendant appeals the trial court's denial of its motion for summary disposition, which argued that plaintiff's failure to follow reporting procedures rendered the suit invalid and subject to immediate dismissal. We agree and reverse. We review de novo a trial court's decision to grant summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

As an initial matter, plaintiff was a "prisoner" at all relevant times under the definition contained in MCL 600.5531(e). Before the BIR was completed, plaintiff pleaded guilty of five crimes related to distributing child pornography with a computer. Therefore, he was "a person subject to incarceration, detention, or admission to a prison who is accused of [or] convicted of . . . violations of state or local law . . . ." MCL 600.5531(e).

A prisoner who brings a civil action regarding "any conditions of confinement or the effects of an act or omission of government officials, employees, or agents in the performance of their duties," MCL 600.5531(a), must disclose, at the suit's commencement, the number of civil actions he or she has previously initiated, MCL 600.5507(2). If a prisoner fails to disclose the number of previous suits, the statute explicitly instructs the court to dismiss the action. MCL 600.5507(3)(b). Plaintiff did not disclose the number of civil actions relating to prison conditions that he had previously pursued, so the trial court should have dismissed this suit. The fact that plaintiff had never pursued a civil action before does not

excuse his lack of disclosure because "a prisoner is obligated to disclose . . . the number of civil actions and appeals he had previously initiated, even when that number is zero." *Tomzek v Dep't of Corrections*, 258 Mich App 222, 224-225; 672 NW2d 511 (2003). Plaintiff's failure to disclose the number of previous civil actions he commenced mandates the dismissal of this case.[1]

Reversed.

---

[1] Although we recognize that plaintiff is currently on parole, he has not been discharged. Therefore, the contentious BIR might still play a part in defendant's administration of plaintiff, and the issue is not yet moot. An issue is not automatically rendered moot merely because its ramifications are partially or potentially alleviated. To hold that the issue is moot is to require defendant to maintain a judicially altered BIR as part of plaintiff's records. Unless plaintiff follows the appropriate procedures for obtaining the remedy he seeks, we see no reason to grant him this relief, no matter how unlikely it may be that the relief will ever benefit him.