*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

L. T. TUCKER, JR.,

　　　　　　Plaintiff-Appellant,

v

KALEB M. HARRINGTON,

　　　　　　Defendant-Appellee.

UNPUBLISHED
January 17, 2019

No. 342105
Montcalm Circuit Court
LC No. 2017-023269-NZ

Before: MARKEY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff, L.T. Tucker, Jr., appeals as of right the trial court's grant of summary disposition to defendant and dismissal of his lawsuit. We affirm.

## I. BASIC FACTS

Tucker is a prisoner in the custody of the Department of Corrections (DOC). Formerly, he was incarcerated at the Carson City Correctional Facility where defendant, Kaleb Harrington, is a corrections officer. Tucker filed a six-count complaint in the circuit court alleging that Harrington engaged in various conduct to punish him for filing grievances and to prevent him from exercising his right to file grievances about the conditions of his confinement, and for committing other unlawful acts against him. Harrington moved for summary disposition on several grounds, including that Tucker failed to meet statutory prerequisites for filing his complaint as required by the Michigan prisoner litigation reform act (PLRA), MCL 600.5501 *et seq.* because he did not state the specific number of prior civil lawsuits and appeals that he had filed and because he failed to exhaust his administrative remedies. The trial court agreed and dismissed the case without prejudice.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Tucker first argues that the trial court's decision to grant summary disposition was incorrect because the court misinterpreted and misapplied MCL 600.5507(2). We review de

novo a trial court's interpretation and application of a statute. *In re Wayne Co Treasurer*, 265 Mich App 285, 290; 698 NW2d 879 (2005). Challenges to a court's decision to grant summary disposition are reviewed de novo. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009).

## B. ANALYSIS

The PLRA applied to Tucker's claim because he brought "[a] civil action concerning prison conditions." MCL 600.5501. The PLRA "sets forth certain requirements that apply when a prisoner brings a civil action concerning prison conditions." *Anderson v Myers*, 268 Mich App 713, 715; 709 NW2d 171 (2005) (quotation marks and citation omitted). In relevant part, MCL 600.5507 provides:

> (2) A prisoner who brings a civil action or appeals a judgment concerning prison conditions *shall*, upon commencement of the action or initiation of the appeal, *disclose the number of civil actions and appeals that the prisoner has previously initiated*.

> (3) The court *shall dismiss a civil action or appeal at any time*, regardless of any filing fee that may have been paid, *if the court finds* any of the following:

> (a) The prisoner's claim of injury or of imminent danger under subsection (1) is false.

> (b) *The prisoner fails to comply with the disclosure requirements of subsection (2)*. [Emphasis added.]

This Court has previously noted that under the plain language of MCL 600.5507, "[i]f a prisoner fails to disclose the number of previous suits, the statute explicitly instructs the court to dismiss the action." *Komejan v Dep't of Corrections*, 270 Mich App 398, 399; 715 NW2d 375 (2006). Moreover, "the statutory language mandates dismissal of the appeal, without regard to how or when the issue was raised." *Tomzek v Dep't of Corrections*, 258 Mich App 222, 223; 672 NW2d 511 (2003).

Here, Tucker contends that the language of the statute does not direct that he disclose the number of civil actions and appeals that he previously initiated in federal court. However, when interpreting a statute, "nothing may be read into a statute that is not within the intent of the Legislature apparent from the language of the statute itself." *Detroit Pub Schs v Connecticut*, 308 Mich App 234, 247-248; 863 NW2d 373 (2014). The language in MCL 600.5507(2) provides that Tucker must disclose the "number of civil actions and appeals that the prisoner has previously initiated." There is no language limiting the disclosure requirements to civil actions and appeals in state court. Therefore, under the plain language of the statute, Tucker was required to disclose the number of civil actions and appeals that he filed in state court and the number that he filed in federal court. He failed to do so. Instead, he only noted that he had filed "over" three civil actions in federal court. Because the statute does not allow for an estimate of the number of claims and appeals filed, he failed to comply with the disclosure requirements. As a result, the court was mandated to dismiss his complaint under MCL 600.5507(3)(b), and the court did not err by granting summary disposition.

Affirmed.

/s/Jane E. Markey
/s/ Michael J. Kelly
/s/ Brock A. Swartzle