*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* THE MARVIN ADELL CHILDRENS'
FUNDED TRUST.

RALPH LAMETI, Trustee,

UNPUBLISHED
May 19, 2022

Respondent-Appellant,

and

KEVIN ADELL,

Respondent,

v

No. 357133
Oakland Probate Court
LC No. 2020-397042-TV

MICHAEL ADELL, RHONDA ADELL
SATOVSKY, LINDA ADELL FITZERMAN, and
CLASSIC AMERICANA, LLC,

Petitioners-Appellees.

Before: JANSEN, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

Appellant, trustee of the Marvin Adell Childrens' Funded Trust (MACFT), appeals as of right the probate court's order denying his motion for summary disposition in part, granting it in part, and ordering that he not make any change in the ownership of certain real property. Appellant challenges only the portion of the probate court's order prohibiting him and respondent, Kevin Adell, from making any changes in ownership to the property. Appellant argues that the probate court abused its discretion because it did not consider the necessary factors before issuing a preliminary injunction. He also argues that the probate court deprived him of due process by failing to notify him it was considering issuing a preliminary injunction. We affirm.

-1-

## I. FACTS

This case arises from appellant's performance as trustee of the MACFT. Appellees are beneficiaries of the MACFT. Until 2015, the MACFT held an interest in a tract of real property in Novi, Michigan (the Novi property). In 2015, the Novi property was foreclosed on and sold to another party, thus depriving the MACFT of a significant asset.

In 2020, appellees petitioned the probate court to remove appellant as trustee and surcharge him for alleged breaches of his fiduciary duties. Soon after, appellant moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10). Appellant argued that appellees' claims were barred by the applicable statute of limitations and the doctrine of laches. He also argued that appellees failed to state a claim because the MACFT had been terminated after the foreclosure in 2015; hence, there was no trustee for the probate court to remove. And, in any case, appellant argued, there was no evidence he breached his duties. The probate court denied in part and granted in part appellant's motion for summary disposition. Additionally, and most germane to this appeal, the probate court temporarily enjoined appellant from making any changes in ownership of the Novi property:

> I'm also ordering that there be—Kevin Lameti—I'm sorry, [appellant] and Kevin Adell shall make no changes in the ownership of the Novi Expo Center property, the property at issue here, whatever proper description that is, I guess it's described in the real estate mortgage, it's described in the Discharge of Mortgage, that there be no—that they make no changes whatsoever in the ownership of that property until further order of this court. So, that's my order.

The probate court issued this preliminary injunction sua sponte, for there is nothing in the record to suggest either party requested an injunction. This appeal followed.

On appeal, appellant argues the probate court erred on two grounds. First, he argues the probate court abused its discretion by failing to apply correct legal principles when issuing a preliminary injunction. Second, he argues, by failing to notify appellant it was considering issuing a preliminary injunction, the probate court deprived him of due process. We address each argument in turn.[1]

## II. ANALYSIS

We review for an abuse of discretion a court's decision to grant injunctive relief. *Pontiac Fire Fighters Union Local 376 v Pontiac*, 482 Mich 1, 8; 753 NW2d 595 (2008). A court "abuses its discretion when its decision falls outside [the] range of principled outcomes." *Id*. "An error of

---

[1] We reject appellees' argument that we lack jurisdiction to hear this appeal as of right. MCR 5.801(A)(2)(i) defines a final order as one "allowing, disallowing, or denying a claim." Because the probate court's order denied appellant's motion for summary disposition, the probate court's order was one "allowing" appellees' claims to proceed. See MCR 5.801(A)(2)(i). Accordingly, we conclude we have jurisdiction to hear this appeal under MCR 5.801(A)(2)(i). And for the same reason, we conclude that appellant has standing to pursue this appeal.

law necessarily constitutes an abuse of discretion." *Denton v Dep't of Treasury*, 317 Mich App 303, 314; 894 NW2d 694 (2016).  To the extent this appeal requires us to interpret statutes or court rules, this Court reviews de novo the interpretation of both.  *Anderson v Myers*, 268 Mich App 713, 714; 709 NW2d 171 (2005); *Hyslop v Wojjusik*, 252 Mich App 500, 505; 652 NW2d 517 (2002).  Finally, we review de novo whether a party has been afforded due process.  *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 277; 831 NW2d 204 (2013).

To begin, the probate court had authority to issue the preliminary injunction at issue under MCL 700.1309 and MCR 5.204(A).  When MCL 700.1309 and MCR 5.204(A) are read together, these provisions provide, under certain circumstances, a probate court may enter an injunction on its own initiative and without notice to the parties.  MCL 700.1309 states:

> Upon reliable information received from an interested person, county or state official, or other informed source, including the court's files, the court may enter an order in a proceeding to do either or both of the following:
>
> (a) Appoint a special fiduciary to perform specified duties.
>
> (b) Enjoin a person subject to the court's jurisdiction from conduct that presents an immediate risk of waste, unnecessary dissipation of an estate's or trust's property, or jeopardy to an interested person's interest.  Under this subdivision, the court shall not enjoin a respondent in a proceeding to appoint a guardian or conservator or enjoin a ward or protected individual.  An enjoined person shall be given a prompt hearing, if requested, to show cause why the order should be terminated.

And, MCR 5.204 states:

> (A) The court may appoint a special fiduciary or enjoin a person subject to the court's jurisdiction under MCL 700.1309 on its own initiative, on the notice it directs, or without notice in its discretion.

Accordingly, the probate court had authority to issue the preliminary injunction, and that authority was not contingent on whether appellant owned the Novi property.  MCL 700.1309(b) allows the probate court to enjoin "a person subject to the court's jurisdiction . . . ."

Nevertheless, appellant argues the probate court abused this authority by failing to apply the four factors courts must consider before entering a preliminary injunction.  See *Slis v State*, 332 Mich App 312, 336-337; 956 NW2d 569 (2020).  Those factors are:

> (1) whether the applicant has demonstrated that irreparable harm will occur without the issuance of an injunction, (2) whether the applicant is likely to prevail on the merits, (3) whether the harm to the applicant absent an injunction outweighs the harm an injunction would cause to the adverse party, and (4) whether the public interest will be harmed if a preliminary injunction is issued.  [*Id.*].

While the probate court did not consider these factors on the record, appellant cannot establish reversible error.  It is undisputed that appellant had no interest in the Novi property when the probate court issued its preliminary injunction.  Consequently, the probate court's injunction

had no effect on him, and any error was harmless. This Court does not reverse on the basis of a harmless error. *Ypsilanti Fire Marshal v Kircher*, 273 Mich App 496, 529; 730 NW2d 481 (2007), citing *In re Gazella*, 264 Mich App 668, 675; 692 NW2d 708 (2005), superseded in part on other grounds by MCL 712A.19b(5); MCR 2.613(A).

For the same reason, appellant's due-process claim also fails. The United States Constitution and the Michigan Constitution both provide that no person may be deprived of life, liberty, or property without due process of law. US Const, Am V; US Const, Am XIV; Const 1963, art 1, § 17; *Elba Twp*, 493 Mich at 288. But due-process protections are triggered only when the government deprives a person of a life, liberty, or property interest. *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 209; 761 NW2d 293 (2008). If the interest allegedly deprived is not life, liberty, or property, the Due Process Clause does not apply. *Bonner v Brighton*, 495 Mich 209, 225; 848 NW2d 380 (2014). Because appellant had no interest in the Novi property, the probate court's order did not deprive him of anything. Accordingly, appellant has not shown that his due-process rights were violated.

Further, appellant received constitutionally sufficient notice in this case. To satisfy the requisites of due process, notice "must be means that one who actually desires to inform the interested parties might reasonably employ to accomplish actual notice," *Sidun v Wayne Co Treasurer*, 481 Mich 503, 509; 751 NW2d 453 (2008), and it must be reasonably calculated to apprise interested parties of the action and afford them an opportunity to present objections, *Elba Twp*, 493 Mich at 287-288. See also *Dusenbery v United States*, 534 US 161, 168, 170; 122 S Ct 694; 151 L Ed 2d 597 (2002). "However, '[d]ue process does not require that a property owner receive actual notice before the government may take his property.' " *In re Treasurer of Wayne Co for Foreclosure*, 478 Mich 1, 9; 732 NW2d 458 (2007), quoting *Jones v Flowers*, 547 US 220, 226; 126 S Ct 1708; 164 L Ed 2d 415 (2006) (emphasis omitted).

Appellant received notice reasonably calculated to apprise him of this action and afford him an opportunity to present objections. Appellees served each of their filings on appellant, and so appellant was aware of the claims against him. Most importantly, he was aware that one of the claims was that he mishandled the Novi property. Though appellant did not receive notice in advance of the preliminary injunction, appellant offers nothing to suggest due process entitled him to specific notice of a temporary remedy the probate court may impose. And "[a]n appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *Movie Mania Metro, Inc v GZ DVD's Inc*, 306 Mich App 594, 605-606; 857 NW2d 677 (2014), quoting *Houghton v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003).

Equally important, in other contexts, we have recognized that a court may act sua sponte without necessarily violating a litigant's due-process right to notice. For instance, we have recognized that a court may sua sponte enter summary disposition on an issue not raised by the parties. To ensure the nonmoving party is afforded due process, however, the court must give that party an opportunity to be heard on the issue before its order becomes final. See *Lamkin v Hamburg Twp Bd of Trustees*, 318 Mich App 546, 549, 550-551; 899 NW2d 408 (2017); *Al-Maliki v LaGrant*, 286 Mich App 483, 489; 781 NW2d 853 (2009). Though the instant case arises in the context of a preliminary injunction entered sua sponte, the same logic applies. Though the probate court did not notify appellant in advance that it was considering entering a preliminary injunction,

appellant had an opportunity to be heard regarding the preliminary injunction.  Though appellant did not take advantage of this opportunity, appellant could have objected to the probate court's entering the injunction at the April 26, 2021 hearing, or appellant could have moved for reconsideration.

In summary, appellant has not established reversible error.

Affirmed.  Appellees may tax costs as the prevailing parties.  See MCR 7.219(A).


/s/ Kathleen Jansen
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan