*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DELANGELO JOHNSON,

        Plaintiff-Appellee,

v

CORRECTIONS OFFICERS GREMBOWSKI and
BRAY,

        Defendants,

and

CORRECTIONS OFFICERS ENBODY,
SCHMIDT, and DEWALD,

        Defendants-Appellants.

UNPUBLISHED
February 16, 2023

No. 359806
Court of Claims
LC No. 21-000061-MP

Before: CAVANAGH, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Defendants appeal by right the trial court's order denying defendants' motion for summary disposition. Because we conclude that plaintiff failed to comply with civil action disclosure requirement under the prisoner litigation reform act (PLRA), MCL 600.5501 *et seq.*, the court should have granted defendants' motion, and we reverse and remand.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff is a prisoner at a state correctional facility and defendants are prison employees. In June 2019, corrections officers conducted a search of plaintiff's prison cell and confiscated a cellular telephone found underneath plaintiff's cellmate's bunk. Plaintiff and his cellmate were both arrested and removed from their cell without being able to recover their personal property. Plaintiff later returned to his cell and discovered that many of his personal belongings were allegedly lost or destroyed in his absence.

-1-

After exhausting other available remedies, plaintiff filed a complaint alleging that defendants were grossly negligent for failing to safeguard his items in his absence and violated his due-process rights. A letter was attached to the complaint listing the contents of plaintiff's filing, which specified that a statement of the prior civil suits and appeals plaintiff had previously filed was included in his filing, although apparently no statement was actually included.

Defendants moved for summary disposition under MCR 2.116(C)(4) (subject-matter jurisdiction) and (C)(7) (governmental immunity), arguing that plaintiff did not comply with the PLRA because he failed to disclose the number of civil suits and appeals he had previously filed when commencing this action. Plaintiff responded that he filed the statement of prior filings with his complaint. The court ordered plaintiff to forward the statement to the court, stating it could not locate the document in the case file. Plaintiff subsequently filed a statement of prior filings, which stated that plaintiff had filed two prior civil suits "to the best of his memory." This document was signed and dated by plaintiff before the commencement of the present action.

The trial court issued an order denying defendants' motion for summary disposition because the statement filed by plaintiff predated the commencement of the action. Defendants sought reconsideration, which the trial court denied. This appeal followed.

## II. STANDARDS OF REVIEW

We review de novo the trial court's decision on a motion for summary disposition. *Sutariya Props LLC v Allen & 1-75, LLC*, 331 Mich App 521, 528; 953 NW2d 434 (2020). Defendant moved for summary disposition under MCR 2.116(C)(4) and (C)(7). Under MCR 2.116(C)(4), summary disposition is proper when the "court lacks jurisdiction over the subject matter." "[A lower] court's decision on a motion for summary disposition based on MCR 2.116(C)(4) [is reviewed] de novo to determine if the moving party was entitled to judgment as a matter of law, or if affidavits or other proofs demonstrate there is an issue of material fact." *Southfield Ed Ass'n v. Southfield Pub Sch Bd of Ed*, 320 Mich App 353, 373; 909 NW2d 1 (2017) (quotation marks and citation omitted). Summary disposition under MCR 2.116(C)(7) is proper when the moving party is entitled to "immunity granted by law." "When reviewing a motion for summary disposition premised on immunity, this Court examines the affidavits, depositions, admissions, and other documentary evidence to determine whether the moving party is entitled to immunity as a matter of law." *Forton v St Clair Co Pub Guardian*, 339 Mich App 73, 82; 981 NW2d 103 (2021).

We also review de novo the proper interpretation and application of statutes. *Anderson v Myers*, 268 Mich App 713, 714; 709 NW2d 171 (2005). "Our primary task in construing a statute is to discern and give effect to the intent of the Legislature." *Id*. at 714. To discern legislative intent, we give effect to every word, phrase, and clause in a statute, and consider the plain meaning of words or phrases and their placement and purpose in the statutory scheme. *Id*. at 714-715. If the statutory language is unambiguous, the statute must be enforced as written. *Id*. at 715.

## III. DISCUSSION

Defendants argue that the trial court erred when it denied their motion for summary disposition because plaintiff failed to comply with the PLRA by making the required disclosure

before the commencement of the present action. In addition, defendants claim that plaintiff's late disclosure failed to accurately state the number of civil suits and appeals he had previously filed.[1]

The PLRA sets forth certain requirements that apply when a prisoner brings a civil action concerning prison conditions, including that a prisoner must disclose the number of civil actions and appeals they have previously initiated at the suit's commencement. MCL 600.5507 states, in relevant part:

> (2) A prisoner who brings a civil action or appeals a judgment concerning prison conditions shall, upon commencement of the action or initiation of the appeal, disclose the number of civil actions and appeals that the prisoner has previously initiated.

> (3) The court shall dismiss a civil action or appeal at any time, regardless of any filing fee that may have been paid, if the court finds any of the following:

> * * *

> (b) The prisoner fails to comply with the disclosure requirements of subsection (2).

Under the statute, if a prisoner fails to comply with the disclosure requirement, the court must dismiss the prisoner's action. MCL 600.5507(3); see also *Komejan v Dep't of Corrections*, 270 Mich App 398, 399; 715 NW2d 375 (2006) ("If a prisoner fails to disclose the number of previous suits, the statute explicitly instructs the court to dismiss the action."); *Tomzek v Dep't of Corrections*, 258 Mich App 222, 224-225; 672 NW2d 511 (2003) ("[A] prisoner is obligated to disclose at the time of the commencement of an appeal the number of civil actions and appeals he had previously initiated, even when that number is zero."). The action is subject to dismissal "at any time, regardless of when in the proceedings it is raised or, for that matter, whether it was raised by the appellee or by the Court on its own motion." *Id*. at 225.

The record supports the trial court's conclusion that plaintiff timely filed a statement disclosing some of his prior civil suits. Although a copy of plaintiff's statement filed before the commencement of this action was missing from the lower court record, the cover letter to plaintiff's complaint indicated that plaintiff's initial filing commencing this action included a statement of prior civil suits and appeals filed. The document was acknowledged as received by the Court of Claims clerk, and there is no indication in the record that the clerk contacted plaintiff regarding a missing document. Further, when plaintiff's disclosure was filed in the lower court on

---

[1] On appeal, neither party disputes that the PLRA's disclosure requirement applies to plaintiff, who was at the time of this filing a prisoner, MCL 600.5531(e), or that the PLRA applies to plaintiff's suit because plaintiff's complaint sought damages arising from the effects of the defendants' acts in the performance of their duties. MCL 600.5531(a).

September 13, 2021, the statement was purportedly signed on March 24, 2021, before plaintiff commenced this action on April 6, 2021.

Nevertheless, the disclosure plaintiff made did not contain the accurate number of civil actions and appeals. In his initial statement, plaintiff stated that he filed "2 prior civil suits to the best of his memory." However, plaintiff had actually filed four prior civil suits or appeals, as plaintiff later admitted that he had stated an incorrect number in his original statement. The statute's unambiguous language states that a prisoner is required to disclose "*the* number" of prior civil suits and appeals filed, not an estimate or an approximation. See MCL 600.5507(2) (emphasis added). As a result, plaintiff was required to disclose the exact number of prior civil suits and appeals filed at the commencement of the action. Plaintiff did not comply with this requirement, and the Court of Claims was required to dismiss plaintiff's action under MCL 600.5507(3). See *Komejan*, 270 Mich App at 399.

Reversed and remanded for entry of an order granting defendants' motion for summary disposition. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly