*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NAKYRRA HOGAN, ANNETTE MARTIN,
SHANNA KATRELL MCELROY, LISA MOORE,
KRISTA ANSON, KRYSTLE ANN BEGLEY,
RACHEL LYNN MILLER, NADAWA ALI,
ARNEATA CHANTELL COBBS, JORDAN
SEPULVEDA, and NICHOLE THOMAS, on Behalf
of Themselves and All Others Similarly Situated,

UNPUBLISHED
May 30, 2024

Plaintiffs-Appellants,

v

No. 362259
Wayne Circuit Court
LC No. 20-016367-CZ

WAYNE COUNTY, WAYNE COUNTY SHERIFF,
and WAYNE COUNTY DEPUTY SHERIFF,

Defendants-Appellees.

Before: FEENEY, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

In this action involving allegations of a sexually hostile environment and racial discrimination under the Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq.*, and the application of the prison litigation reform act (PLRA), MCL 600.5501 *et seq.*, plaintiffs Nakyrra Hogan, Annette Martin, Shanna Katrell McElroy, Lisa Moore, Krista Anson, Krystle Ann Begley, Rachel Lynn Miller, Nadawa Ali, Arneata Chantell Cobbs, Jordan Sepulveda, and Nichole Thomas, individually and on behalf of all others similarly situated, appeal by leave granted[1] the April 27, 2022 order of Wayne Circuit Court denying plaintiffs' second renewed motion for class certification and granting, in part, summary disposition in favor of defendants Wayne County, the Wayne County Sheriff, and the Wayne County Deputy Sheriff, under MCR 2.116(C)(8) (failure

---

[1] *Hogan v Wayne Co*, unpublished order of the Court of Appeals, entered January 12, 2023 (Docket No. 362259).

to state a claim). We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

Because plaintiffs failed to satisfy the requirements of commonality, typicality, and superiority, the trial court properly denied plaintiffs' motion for class certification. We also find that the trial court erred by granting summary disposition in favor of defendants because the PLRA does not apply to former detainees, plaintiffs satisfied the disclosure requirements of the PLRA, former detainees are not required to exhaust their available remedies and there is a question of fact regarding the availability of administrative remedies.

FACTUAL BACKGROUND

This is the third case involving the same claims and parties to be filed in the Wayne Circuit Court. The first two, Wayne Circuit Court LC Nos. 20-003830-CZ and 20-014725-CZ, were voluntarily dismissed without prejudice. On December 16, 2020, plaintiffs refiled the identical claims in this action.[2] This complaint included disclosures under § 5507 of the PLRA, MCL 600.5507, listing several civil actions concerning prison conditions that plaintiffs previously commenced, but plaintiffs did not reference other civil domestic relations cases that they commenced.

Plaintiffs asserted they were pursuing this action on behalf of "female detainees and/or inmates who were, are, or will be detained and/or confined by the Wayne County Sheriff in the Wayne County Jail." Plaintiffs alleged that they and similarly situated female inmates were subjected to strip searches, en masse, in view of male officers and staff who laughed and mocked them, commented on their physical appearance, and discussed sexual activities. Plaintiffs also alleged that these strip searches were conducted under unsanitary conditions that posed serious health risks to inmates, such as group strip searches with women who were menstruating, inmates forced to stand in close proximity to each other while naked, and feces, blood, and vomit on the floors or benches of the jail. Plaintiffs further alleged that they were routinely called names such as "bitches," "whores," "crackheads," "funky monkeys," and "bleeding hogs." In addition, plaintiffs alleged that they, and other female detainees, were routinely exposed to male officers or trustees while showering, using the toilet, or otherwise undressed. Plaintiffs asserted that, as a result of defendants' actions, policies, and practices, they and the proposed class "have suffered and are at risk of suffering irreparable harm, including but not limited to verbal sexual assault and sexual harassment, severe emotional distress and mental trauma, degrading treatment, and the deprivations of their rights under Michigan law."

Asserting that this action was brought under MCR 3.501, plaintiffs described the proposed class as including "all similarly situated female detainees and/or inmates who were detained and/or housed by the Wayne County Sheriff in the Wayne County Jail and who were, or will be, sexually harassed by Defendants, jail staff, and/or other inmates" between March 2017 and the present.

---

[2] Plaintiffs Sepulveda, Anson, and Thomas also filed a federal action against defendants, which was dismissed for failure to exhaust administrative remedies. *Sepulveda v Co of Wayne*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued October 25, 2019 (Case No. 19-11407).

Plaintiffs asserted that the proposed class likely exceeded several thousand members and a class action was the most practicable method for challenging defendants' policies, practices, and procedures, the questions of fact and law were common to the class, the alleged violations and harm were typical of that suffered by all class members, the class representatives will fairly and adequately protect the interests of all class members, plus the proposed class action was superior to other methods of adjudication and "will promote the convenient administration of justice."

Plaintiffs alleged that defendants were aware since 2012 that female detainees or inmates had complained of verbal abuse and sexual harassment at the jail but defendants failed to take steps or implement policies and procedures to alleviate the abuse and sexual harassment. Plaintiffs then described numerous examples of the alleged abuse and harassment, including specific instances of verbal abuse, sexual harassment, and/or racial discrimination suffered by each of the 11 named plaintiffs. In Count I, plaintiffs alleged defendants had created a sexually hostile environment in violation of the ELCRA, MCL 37.2103(i). In Count II, plaintiffs alleged that defendants had violated the ELCRA by failing to remedy the sexually hostile environment and abusive conduct. In Count III, plaintiffs alleged that defendants had aided and abetted in the creation of a hostile environment in violation of MCL 37.2701. In Count IV, plaintiffs alleged that defendants discriminated against plaintiffs on the basis of race and created a racially hostile environment in violation of MCL 37.2103 and MCL 37.270. Plaintiffs asserted that they and other class members had suffered severe emotional and psychological injuries, increased punishment, and lost income; plaintiffs requested that the court certify this case as a class action under MCR 3.501, and award damages, including punitive and exemplary damages, costs, and attorney fees.

CLASS CERTIFICATION

**A. Motion for Class Certification**

On February 5, 2021, plaintiffs filed a motion for class certification pursuant to MCR 3.501(A), requesting an order defining two separate classes of women who had been housed, detained, or incarcerated at the Wayne County Jail (jail) facilities from March 11, 2017, until the date of judgment or settlement of this case. The first class comprised women who had been subjected to sexual harassment during strip searches who allege they have compensable injury as a result. The second proposed class comprised women who were subjected to racial discrimination during strip searches who allege they suffered compensable injury as a result. In support of the motion, defendants relied extensively on a federal district court decision in which a similar class action was certified against the same defendants, *Woodall v Co of Wayne*, unpublished opinion of the United States District Court for the Eastern District of Michigan, issued January 23, 2020 (Case No. 17-13707) (*Woodall I*), rev'd sub nom *Woodall v Wayne Co*, unpublished opinion of the United States Court of Appeals for the Sixth Circuit, issued November 15, 2021 (Case No. 20-1705) (*Woodall II*). Plaintiffs attached approximately 600 affidavits or statements describing alleged sexual harassment and racial discrimination experienced at the jail.

Defendants advanced two primary arguments in opposition to this motion. First, defendants asserted that the class definitions proposed by plaintiffs lacked the objective criteria needed to determine class membership. Second, defendants contended that plaintiffs failed to satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of MCR

3.501(A)(1). The trial court agreed with defendants' argument and denied class certification on the basis that "there is not objective criteria."

The following day, defendants filed a motion for summary disposition in lieu of an answer, seeking dismissal of plaintiffs' complaint pursuant to MCR 2.116(C)(5), (6), (7), (8), and (9). Defendants asserted that plaintiffs' claims were barred by the PLRA, the ELCRA does not apply to prison services, and plaintiffs' claims were barred because they were already members of a federal class action certified in *Woodall I*. In the alternative, defendants requested that this action be stayed pending resolution by the Sixth Circuit of the appeal of the decision in *Woodall I*.

Two weeks later, plaintiffs refiled their motion for class certification, revising their proposed class definitions in an attempt to provide objective criteria for the class. Defendants responded that the revised definitions did not cure the defects because the revised definitions allowed class membership to be determined by the putative class members themselves.

On November 15, 2021, the Sixth Circuit issued its decision reversing the decision in *Woodall I*, concluding that the four classes defined by the district court failed to meet the requirements of commonality and typicality, the lead plaintiffs who were no longer incarcerated could not represent a class that includes incarcerated prisoners, and the plaintiffs failed to show the predominance of common issues. *Woodall II*, unpub op at 8-14. Following the Sixth Circuit's ruling, the trial court lifted the stay in this action and scheduled a status conference to address the pending motions.

**B. Second Renewed Motion for Class Certification**

On February 9, 2022, plaintiffs filed their second renewed motion for certification of a class action; they revised the proposed class definitions to include women who "were formerly" housed, detained, or incarcerated at any of the jail divisions from March 11, 2017, to the date of judgment, who experienced "verbal or physical conduct or communication of a sexual nature" during strip searches, or were "subjected to racial discrimination while undergoing strip searches." In the supporting brief, plaintiffs briefly repeated their factual allegations, attaching more than 900 pages of affidavits and declarations from women describing various instances of sexual harassment and racial discrimination during strip searches at the jail. Plaintiffs also addressed the Sixth Circuit's decision in *Woodall II*, asserting that the decision supported certification of a class action in this case.

Addressing the requirements for certification of a class action under MCR 3.501, plaintiffs first asserted that the removal of "any reference to 'compensable injury' arising 'as a result of' harassment" from the proposed class definitions and their reference to "verbal or physical conduct or communication of a sexual nature" satisfied the requirement for objective criteria, citing *Does 11-18 v Dep't of Corrections*, 323 Mich App 479; 917 NW2d 730 (2018). Next, plaintiffs asserted that they satisfied the numerosity requirement of MCR 3.501(A)(1)(a), explaining that they had attached 615 declarations from former inmates of the jail, of which 85 fell within the relevant class period. Plaintiffs then addressed the commonality requirement, acknowledging that the specific circumstances of each woman's experience might vary, but asserting that a common theme was demonstrated, "whether because they were forcibly exposed to men, strip searched in groups with

other inmates or while being subjected to vulgar, sexually explicit derogatory comments by jail staff."

Plaintiffs also asserted that they satisfied the typicality requirement for class certification, contending that the distinctions between plaintiffs' claims and those of the proposed class members do not preclude typicality and the claims of plaintiffs are typical of the claims of the unnamed class members. Next, addressing the adequacy of representation, plaintiffs asserted that plaintiffs' counsel had experience in both civil rights and class action litigation, noted that plaintiffs' counsel had been litigating a class action against defendants in federal court for the past 10 years and had been appointed as class counsel after the federal district court certified the class action, and contended that there were no conflicts of interest between the class members or plaintiffs. Finally, plaintiffs contended that a class action was the most convenient method of deciding the legal questions presented.

## C. Renewed Motion to Dismiss

On February 10, 2022, defendants filed their renewed motion for summary disposition. Defendants reiterated that plaintiffs' claims must be dismissed under the PLRA for three reasons. First, defendants asserted that seven of the named plaintiffs had failed to disclose a number of civil actions in which they had been involved, in violation of MCL 600.5505. Citing *Anderson v Myers*, 268 Mich App 713; 709 NW2d 171 (2005), and *People v Holder*, 483 Mich 168, 174; 767 NW2d 423 (2009), defendants contended that the PLRA applies equally to plaintiffs who are incarcerated at the time the action is filed as well as plaintiffs on parole or probation. Second, defendants asserted that none of the named plaintiffs had exhausted their administrative remedies provided under the Wayne County grievance procedures, as required by MCL 600.5503(1). Third, defendants argued that plaintiffs' claims were barred because they failed to plead or show evidence of a physical injury, as required under MCL 600.5511(1). Finally, defendants also sought summary disposition on the basis that the ELCRA does not apply to persons serving sentences of imprisonment in state or county correctional facilities.

Plaintiffs responded one week later, contending that the PLRA did not apply to plaintiffs because they were not prisoners of the Wayne County jail at the time this action was filed. Citing MCL 600.5503(1), plaintiffs contended that the statute applied only to prisoners who file an action concerning their current prison conditions. Thus, plaintiffs reasoned, the PLRA did not apply to prisoners incarcerated in another facility who assert claims arising from their former detention at the jail. Characterizing this Court's discussion of this issue in *Anderson* as dicta, plaintiffs also argued that the PLRA did not apply to former detainees of the jail who were on parole or probation at the time their complaints were filed. Citing nine federal appellate court decisions interpreting the Prison Litigation Reform Act of 1995, 42 USC 1997e, plaintiffs urged denial of the motion for summary disposition because none of the named plaintiffs was a prisoner of the jail at the time the complaint was filed.

Plaintiffs rejected defendants' assertion that they had failed to comply with the disclosure requirements of the PLRA, noting that the undisclosed civil actions defendants cited were paternity, divorce, child support, or other actions unrelated to prison conditions. They also rejected defendants' assertion that the complaint must be dismissed for failure to exhaust administrative remedies, contending that defendants' grievance policy was clearly permissive rather than

mandatory. In addition, plaintiffs asserted that defendants' policy exempts the types of claims alleged in the complaint from the grievance procedure and designates the proper method of conducting a strip search as a nongrievable issue. Moreover, plaintiffs contended, there was a question of fact whether the grievance procedure was functional or available, and exhaustion was not required.

Next, plaintiffs addressed defendants' contention that the PLRA requires a showing of physical injury in order to recover. Noting that no Michigan caselaw has addressed this issue, plaintiffs again turned to federal law interpreting 42 USC 1997e, and contended that barring claims alleging violations of civil or constitutional rights on this basis would violate plaintiffs' rights to due process and equal protection. In conclusion, plaintiffs asserted that this Court's decision in *Does 11-18* is binding precedent that forecloses defendants' contention that the ELCRA does not apply to claims arising from jails or imprisonment and any ruling that the PLRA bars plaintiffs' claims under the ELCRA would be unconstitutional.

## D. Motion Hearing

The trial court heard arguments on both motions on April 5, 2022. Opening with a discussion of their motion for summary disposition, defendants first reiterated their contention that the PLRA's definition of "prisoner" includes persons on parole or probation, and the complaint must be dismissed because the plain language of the PLRA required a showing of physical injury, which plaintiffs had failed to allege. Addressing the exhaustion requirement, defendants explained that only two named plaintiffs had filed grievances, none of whom had exhausted their administrative remedies, and allowing them to circumvent the exhaustion requirement because they were no longer incarcerated in the jail would defeat the purpose of the PLRA. Next, defendants discussed the PLRA's disclosure requirement, contending that the statute required disclosure of all prior litigation without limitation.

Responding to this argument, plaintiffs noted that the trial court had ruled in an earlier case that the PLRA did *not* apply to plaintiffs because they were former inmates and none had been adjudicated to be in violation of the terms of their probation or parole. Addressing the requirement for physical injury under the PLRA, plaintiffs contended that federal courts have uniformly ruled that no physical injury is necessary when constitutional or civil rights violations are alleged, and they repeated their contention that the PLRA does not require disclosure of prior litigation unrelated to conditions of imprisonment.

Plaintiffs then addressed their motion for class certification, asserting that they had established objective criteria for class membership, noting that defendants could easily determine whether plaintiffs and putative class members were incarcerated at any given time, explaining that they sought certification only on the question of liability for creation of a sexually hostile jail environment under the ELCRA, and suggesting that the issue of damages could be treated separately. Defendants disagreed, contending that class certification was precluded because each plaintiff described different acts of discrimination or harassment with no means to distinguish between those who allege various types sexual harassment and those who allege racial discrimination. In response to questioning by the court, defendants acknowledged that class actions had been certified in other sexual harassment cases but distinguished this case on the basis that defendants' policy clearly prohibited the type of conduct plaintiffs alleged.

### E. Opinion and Order

The trial court issued its opinion and order on April 27, 2022, initially noting that two earlier cases involving the same parties and claims had been voluntarily dismissed without prejudice, and explaining that plaintiffs in this case were also plaintiffs in *Woodall I*. After a brief recitation of the facts and procedural background of this case, the trial court first addressed plaintiffs' motion for certification of a class action, listing the MCR 3.501(A)(1) requirements for class certification as "numerosity," "commonality," "typicality," "adequacy," and "superiority;" it also noted that strict adherence to these requirements is required, citing *Henry v Dow Chem Co*, 484 Mich 483; 772 NW2d 301 (2009).

The trial court rejected defendants' contention that the motion for class certification was untimely, then it ruled that the proposed class, defined as women detained in the jail between 2017 and the present who were subject to strip searches, was objective and ascertainable but nevertheless subject to requirements of MCR 3.501(A)(1). Noting the number of affidavits and declarations plaintiffs submitted, the court agreed that plaintiffs had satisfied the numerosity requirement of MCR 3.501(A)(1)(a). Noting the disparate experiences that plaintiffs and the putative class members described, however, the court ruled that plaintiffs had failed to identify any common evidence to determine liability and did not satisfy the commonality requirement of MCR 3.501(A)(1)(b). Similarly, because each plaintiff's experience was different from the others, the court concluded that plaintiffs failed to satisfy the typicality requirement of MCR 3.501(A)(1)(c). The court agreed that plaintiffs' counsel was qualified to pursue this action and plaintiffs had satisfied the adequacy requirement of MCR 3.501(A)(1)(d), but it also concluded that a class action would be unmanageable because of the differing experiences of plaintiffs and they had failed to satisfy the superiority requirement of MCR 3.501(A)(1)(e). Thus, the court denied plaintiffs' motion for certification of a class action.

Turning to defendants' renewed motion for summary disposition, the court explained that the PLRA's applicability is determined by the plaintiff's status as a prisoner, as defined by MCL 600.5531(e), at the time the action is filed, citing *Anderson*, 268 Mich App at 713. The court agreed with defendants' assertion that the PLRA's definition of "prisoner" includes persons detained in a correctional facility as well as persons who were on parole or probation at the time the action was filed. After examining defendants' exhibits, the court determined that plaintiffs, with the exception of Cobbs, were either incarcerated or on probation or parole at the time the complaint was filed and concluded that they were subject to the PLRA.

Addressing the disclosure requirement of the PLRA, MCL 600.5507(2), the trial court found that plaintiffs had satisfied the requirement with respect to actions filed in state courts. The court ruled, however, that plaintiffs had failed to disclose their participation in several federal cases related to prison conditions, warranting dismissal on that basis. Next, addressing the PLRA's requirement that prisoners must exhaust their administrative remedies, MCL 600.5503(1), the court agreed that plaintiffs had failed to satisfy that requirement and dismissal was warranted under MCR 2.116(C)(8). Finally, addressing defendants' assertion that the PLRA requires a showing of physical injury, the trial court acknowledged that no state court had addressed whether the PLRA requires an allegation of physical injury where the claim alleges a violation of the ELCRA. Because the court ruled that plaintiffs had failed to satisfy the PLRA's disclosure and exhaustion requirements, however, the court declined to rule on that issue.

Concluding its opinion, the trial court denied plaintiffs' motion for certification of a class action, denied defendants' motion for summary disposition as to plaintiff Cobbs, ruled that the remaining plaintiffs had failed to comply with the PLRA's disclosure and exhaustion requirements, granted defendants' motion for summary disposition under MCR 2.116(C)(8), and dismissed plaintiffs' claims with prejudice.

In a motion for reconsideration filed 21 days later, plaintiffs asserted the trial court had erred by dismissing their claims with prejudice, citing federal caselaw holding that dismissal of actions filed under the federal PLRA, 42 USC 1997e, is without prejudice. Plaintiffs also asserted the trial court had erred by focusing on the variations in plaintiffs' and putative class members' experiences rather than the common issue regarding the creation of a sexually hostile environment. The court denied this motion, explaining that plaintiffs presented "nothing that the Court did not previously consider when ruling on Defendants' motion to dismiss and Plaintiffs' motion for class certification." Plaintiffs filed an application for leave to appeal in this Court on July 20, 2022. On January 12, 2023, this Court granted leave to appeal. *Hogan v Wayne Co*, unpublished order of the Court of Appeals, entered January 12, 2023 (Docket No. 362259).

### FORMER DETAINEES AS PRISONERS UNDER THE PLRA

Plaintiffs assert that the trial court erred when it included former detainees, such as probationers and parolees, in the definition of "prisoner" under the PLRA, and none of the detained prisoners was incarcerated at the Wayne County jail at the time the complaint was filed, which also excluded them from status as a "prisoner." We agree.

The proper interpretation and application of the PLRA is a question of law reviewed de novo by this Court. *Anderson*, 268 Mich App at 714. Under de novo review, the legal issues are reviewed independently with no deference required to the courts below. *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019).

A trial court's decision on a motion for summary disposition is also reviewed de novo. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). The trial court stated that it granted summary disposition under MCR 2.116(C)(8). However, the parties clearly relied on evidence outside the pleadings, and the trial court considered matters outside the pleadings in ruling on the motion. Where the parties and the trial court rely on matters outside the pleadings, "MCR 2.116(C)(10) is the appropriate basis for review." *Silberstein v Pro-Golf of America, Inc*, 278 Mich App 446, 457; 750 NW2d 615 (2008).

A motion brought under MCR 2.116(C)(10) tests the factual sufficiency of the complaint in light of the affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A genuine issue of material fact exists when the record reveals an issue upon which reasonable minds might differ. *Id.*

A party seeking summary disposition under MCR 2.116(C)(10) must support its motion with affidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted. MCR 2.116(G)(3). If the motion is properly supported, the burden shifts to the opposing

party to establish that a genuine issue of disputed fact exists. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). A reviewing court must consider the pleadings, admissions, and other evidence in the light most favorable to the nonmoving party. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008).

We agree with plaintiffs that the statutory definition of "prisoner" in the PLRA excludes individuals who are on parole, probation, or pretrial release and were not incarcerated at the time the litigation was filed. MCL 600.5531(c) states:

> (e) "Prisoner" means a person subject to incarceration, detention, or admission to a prison who is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of state or local law or the terms and conditions of parole, probation, pretrial release, or a diversionary program.

In interpreting statutes, we "must attempt to avoid any construction that would render portions of a statute surplusage or nugatory." *Rouch World, LLC v Dep't of Civil Rights*, 510 Mich 398, 410-411; 987 NW2d 501 (2022). In the context of this statute, we do not accept the argument that an individual who is on probation or parole is a prisoner because they are "subject to" incarceration in the event that they violate, on some future occasion, the conditions of their probation or parole. To do so would render the final portion of the statute to be mere surplusage. That is, if we include individuals who are not physically incarcerated within the definition of "prisoner" because they are "subject to incarceration" in the event of a violation of the conditions of parole, probation, or pretrial release, then the final phrase referring to "parole, probation, pretrial release, or a diversionary program" is unnecessary. Under this argument, there is no need to reference parole, probation, pretrial release, or divisionary programs because all such persons who violate the terms of their release are "subject to incarceration" in the event of a violation.

But we must give meaning to the words that follow "prison": "who is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of state or local law or the terms and conditions of parole, probation, pretrial release, or a diversionary program." To do so, we must conclude that the phrase "who is accused of, convicted of, sentenced for, or adjudicated delinquent for" modifies both "violations of state or local law" and "the terms and conditions of parole, probation, pretrial release, or a diversionary program." Accordingly, the terms "prisoner" can only apply to a person on parole, probation, pretrial release, or in a diversionary program who is "subject to incarceration" as a result of being "accused of, convicted of, sentenced for, or adjudicated delinquent for" a violation of the terms of the parole, probation, pretrial release, or divisionary program.

Moreover, defendants' reliance on the decisions in *People v Holder*, 483 Mich 168; 767 NW2d 423 (2009), and *Anderson v Myers*, 268 Mich App 713; 709 NW2d 171 (2005), is misplaced. *Holder* did not involve the definition of "prisoner" in the PLRA; rather, it dealt with the issue of the parole revocation and parole status and the commission of a new crime while on parole. And it merely made the observation that a parolee remains in the "legal custody" of the Department of Corrections. 483 Mich at 173. The *Anderson* decision is closer to being on point, but reliance on it still falls short. *Anderson* did consider the definition of "prisoner" under the PLRA, but ultimately concluded that the plaintiff was a "prisoner" under the PLRA because he was imprisoned at the time the lawsuit was filed. 268 Mich App at 717. The *Anderson* Court did

discuss whether a parolee could be considered a "prisoner" under the PLRA and stated that an "argument could certainly be made" in support of that conclusion. *Id.* But the Court also explicitly stated twice in the same paragraph that it was not making such a determination because it did not need to do so. *Id.* at 717-718.

For these reasons, we conclude that those plaintiffs who were on probation or parole, and not physically incarcerated, at the time of the filing of the lawsuit are not "prisoners" for purposes of the PLRA. Accordingly, with respect to that group, we reverse the decision of the trial court.

## CURRENT DETAINEES AS PRISONERS UNDER PLRA

This conclusion does not, however, resolve the question whether those plaintiffs who were incarcerated with the Department of Corrections at the time the lawsuit was filed are considered prisoners under the PLRA. This group clearly was "subject to incarceration" due to serving a sentence for an offense. Plaintiffs argue that because the PLRA and its restrictions apply to prisoners bringing lawsuits regarding prison conditions, MCL 600.5501, MCL 600.5503(1), and MCL 600.5507(2), the term "prisoner" must only encompass individuals who were prisoners at the facility against which the claim is brought at the time that the claim is brought. There is no textual support for this claim. The PLRA's focus is on providing relief to potential defendants from abusive prisoner litigation, especially by serial litigators. See, e.g., MCL 600.5505; MCL 600.5509. There is no indication that the Legislature was only concerned with prisoner litigation against the current place of litigation.[3] In sum, the definition of "prisoner" contained in the PLRA includes any person currently incarcerated and does not limit itself to those prisoners still imprisoned in the facility at issue in the complaint. Accordingly, we conclude that those plaintiffs who were previously incarcerated at the Wayne County Jail but at the time of the filing of this lawsuit were incarcerated elsewhere are still within the definition of "prisoner" and were required to satisfy the requirements of the PLRA.

## DISMISSAL WITH PREJUDICE UNDER THE PLRA

Turning to the question of whether those plaintiffs who are subject to the requirements of the PLRA satisfied the PRLA's disclosure and exhaustion requirements, the trial court concluded that some of the plaintiffs failed to fully comply with the requirement of disclosing their participation in prior litigation as required by MCL 600.5507(2) and that plaintiffs failed to exhaust their administrative remedies as required by MCL 600.5503(1). Accordingly, the trial court dismissed plaintiffs' claims with prejudice for these compliance failures.

On appeal, plaintiffs do not challenge the trial court's determination of noncompliance with the PLRA and the dismissal of their complaint based upon that noncompliance. Plaintiffs do challenge on appeal that the dismissal was with prejudice. Accordingly, we do not address the

---

[3] It may be true that in many cases prisoners, once transferred to another institution, may no longer have an interest in pursuing a claim regarding prison conditions at a prior institution because the transfer itself provides relief from the conditions. But, as the allegations in this case demonstrate, that would not be the case where the injury sustained at the prior institution may lead to a remedy other than mere abatement of the prison conditions themselves.

-10-

compliance issue and the dismissal on that basis. Rather, we limit our consideration to whether the dismissal should have been with or without prejudice. Although the case law on this point is limited and murky, we conclude that the trial court was correct in granting the dismissal with prejudice.

We find support for this conclusion in *Doe v Dep't of Corrections*, 312 Mich App 97; 878 NW2d 293 (2015), vacated in part on other grounds 499 Mich 886; 876 NW2d 570 (2016). In *Doe*, 312 Mich App at 112-114, the Court engaged in an extensive discussion regarding whether a plaintiff who failed to comply with the PLRA disclosure requirements should be afforded an opportunity to amend a complaint rather than having the complaint being dismissed:

> Alternatively, plaintiffs contend that the proper remedy for noncompliance with the disclosure requirements is a remand to permit them to amend the complaint, rather than dismissal. We disagree.

> Pursuant to MCL 600.5507(3)(b), "[t]he court shall dismiss a civil action or appeal at any time, regardless of any filing fee that may have been paid, if the court finds" that the "prisoner fails to comply with the disclosure requirements of Subsection (2)." Despite this clear directive, plaintiffs contend that they should have been permitted to amend their complaint. See MCR 2.118(A)(2) ("Except as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires."). Defendants, however, posit that Subsection (3) precludes amendment of the complaint because that provision states that the court shall dismiss a civil action if the prisoner fails to comply with Subsection (2) of the statute.

> The word "shall" is unambiguous and denotes "a mandatory, rather than discretionary action." *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 65; 642 NW2d 663 (2002). Consistently with the plain language of the statute, in *Tomzek* [*v Dep't of Corrections*, 258 Mich App 222, 223; 672 NW2d 511 (2003)], we held "that the statutory language mandates dismissal of the appeal, without regard to how or when the issue was raised." We also recognized that the failure to disclose the number of previous civil actions or appeals was fatal, even if that number was zero. *Id*. at 224–225. Likewise, in *Komejan v Dep't of Corrections*, 270 Mich App 398, 399–400; 715 NW2d 375 (2006), we held as follows:

> > If a prisoner fails to disclose the number of previous suits, the statute explicitly instructs the court to dismiss the action. MCL 600.5507(3)(b). Plaintiff did not disclose the number of civil actions relating to prison conditions that he had previously pursued, so the trial court should have dismissed this suit. The fact that plaintiff had never pursued a civil action before does not excuse his lack of disclosure because a prisoner is obligated to disclose the number of civil actions and appeals he had previously initiated, even when that number is zero. Plaintiff's failure to disclose the number of previous civil actions he

> commenced mandates the dismissal of this case. [Quotation marks, ellipsis, and citation omitted.]

> Relying on federal caselaw, plaintiffs claim they should be given the opportunity to amend the complaint. However, the federal decisions it cites are not binding on this Court. *State Treasurer v Sprague*, 284 Mich App 235, 241; 772 NW2d 452 (2009). Plaintiffs also cite MCL 600.2301, which provides:

>> The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.

> The applicability of MCL 600.2301 rests on a two-pronged test: (1) whether a substantial right of a party is implicated, and (2) whether a cure is in furtherance of justice. *Bush* [*v Shabahang*, 484 Mich 167, 177; 772 NW2d 272 (2009)]. Plaintiffs make no argument regarding either prong of this test. *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 287; 761 NW2d 761 (2008) (stating that a party's failure to properly address the merits of an assertion of error constitutes an abandonment of the issue on appeal).

> Furthermore, plaintiffs' contention is contrary to a cardinal rule of statutory interpretation: "If the language employed by the Legislature is unambiguous, the Legislature is presumed to have intended the meaning clearly expressed, and this Court must enforce the statute as written." *Ameritech Pub, Inc. v Dep't of Treasury*, 281 Mich App 132, 136; 761 NW2d 470 (2008). The language of MCL 600.5507(3) is unambiguous. Consistent with our prior, published caselaw, we apply the statute as written and hold that dismissal is mandated.

> Because a plaintiff would be precluded by statute from going forward with this lawsuit, ordinarily we would need not address plaintiffs' additional claims. But, because it is not clear whether any of the John Doe plaintiffs would be free, individually, in the future to bring the claims they now allege under the ELCRA and Equal Protection Clauses, we will consider them here. Further, the Michigan Supreme Court specifically remanded this case for consideration of the issues raised on leave granted. *Doe* [*v Dep't of Corrections*, 497 Mich 881, 882; 854 NW2d 718 (2014)].

If a party may not amend their complaint because dismissal is mandatory, then it follows that that dismissal must be with prejudice. Moreover, in JUDGE BECKERING'S partial dissent, she acknowledged that precedent required a dismissal, although she would make the dismissal without prejudice:

-12-

Finally, because I am bound by precedent, I must concur with the majority's ruling with respect to plaintiffs' failure to comply with the disclosure requirements of the prison litigation reform act (PLRA), specifically MCL 600.5507(2), although dismissal would be without prejudice. Were I not bound by precedent, I would allow plaintiffs to file an amended complaint in compliance with MCL 600.5507(2). [312 Mich App at 139 (BECKERING, J., *concurring in part and dissenting in part*).]

We note that the Supreme Court's order in *Doe v Dep't of Corrections*, 499 Mich 886; 876 NW2d 570 (2016), only vacated that part of this Court's opinion that discussed the constitutional issue because the decision that dismissal was required under the PLRA rendered it unnecessary to resolve the remaining issues.

For these reasons, we conclude that the trial court did not err in granting dismissal with prejudice.

## ELLIOTT-LARSEN CIVIL RIGHTS ACT CLAIMS AND THE PLRA

Next, we briefly turn to plaintiffs' argument that the PLRA cannot constitutionally be applied to claims under the ELCRA. Plaintiffs only present a short, not fully developed argument on this point. Plaintiffs' reliance on *Does 11-18* is misplaced. *Does 11-18* did not hold that the PLRA could not constitutionally be applied to claims under the ELCRA. Rather, *Does 11-18*, 323 Mich App at 484-490, held that the provision of the ELCRA that excluded prisoners from bringing a claim under the ELCRA was unconstitutional. Plaintiffs are not precluded from bringing a claim under the ELCRA because of their status as prisoners. As prisoners, however, they must comply with the requirements of the PLRA.

## CLASS CERTIFICATION

Finally, we turn to the question of class certification. Because plaintiffs failed to satisfy the requirements of commonality, typicality, and superiority, the trial court properly denied plaintiffs' motion for class certification.

In cases involving the certification of a class action, this Court reviews the proper application of MCR 3.501 de novo. Challenges to the trial court's factual findings are reviewed for clear error, and challenges to the trial court's exercise of discretion are reviewed for abuse of discretion. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). Clear error is found if, after reviewing the entire record, this Court is "definitely and firmly convinced that the trial court made a mistake." *Duskin v Dep't of Human Servs*, 304 Mich App 645, 651; 848 NW2d 455 (2014).

MCR 3.501 governs class actions. To initiate a class action, "[w]ithin 91 days after the filing of a complaint that includes class action allegations, the plaintiff must move for certification that the action may be maintained as a class action." MCR 3.501(B)(1). Pursuant to MCR 3.501(A)(1), a class action may be certified only if:

> (a) the class is so numerous that joinder of all members is impracticable;

-13-

(b) there are questions of law or fact common to the members of the class that predominate over questions affecting only individual members;

(c) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(d) the representative parties will fairly and adequately assert and protect the interests of the class; and

(e) the maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

These requirements are generally referred to as numerosity, commonality, typicality, adequacy, and superiority. *Henry*, 484 Mich at 488.

In this case, the trial court found that plaintiffs satisfied the numerosity requirement on the strength of "approximately 615 declarations from former inmates of the Wayne County Jail all of whom have attested to the same discriminatory conduct." The court also found that plaintiffs satisfied the adequacy requirement because counsel was qualified to pursue the action and the class representatives would be members of the class.

But the court found that plaintiffs failed to satisfy the commonality requirement because the declarations demonstrated different experiences with verbal conduct and communications of a sexual or racially discriminatory nature. The court also found that plaintiffs failed the typicality requirement for a similar reason: "None of the allegations are typical. Each plaintiff's experience was different." Finally, the court found that plaintiffs failed to show superiority because the different experiences of plaintiffs created disparate issues of law and fact and a class action was unmanageable. Thus, the trial court denied the motion for class certification. We will address these three requirements.

**Commonality.** A party seeking class certification must show that issues of law and fact common to the class predominate over issues that must be proven individually. *Duskin*, 304 Mich App at 654. In *Duskin*, this Court ruled that a trial court erred by concluding that the plaintiffs had established commonality, explaining that the plaintiffs' claims "include an inextricable mix of racial discrimination, ethnic discrimination, and gender discrimination claims against not only the Department as a whole, but against individual supervisors and managers as well." *Id.* at 655. Noting that there was no allegation of a single type of discrimination, or that a single actor engaged in that discrimination, this Court was "definitely and firmly convinced that the trial court made a mistake when it found that the minority males raised common questions of law or fact," and concluded that the trial clearly erred by finding that the plaintiffs had established commonality. *Id.* at 656.

It is not enough to show that all members of the class experienced some type of sexual harassment or racially discriminatory language during strip searches. Commonality requires a common injury demonstrated with generalized proof, rather than evidence of individual injuries. *Tinman v Blue Cross & Blue Shield of Mich*, 264 Mich App 546, 563-564; 692 NW2d 58 (2004). In this case, plaintiffs contend that the "common issue of law and fact that could be adjudicated on

-14-

a class-wide basis is whether defendants maintained, and failed to remedy, a sexually hostile jail environment which led to the claims of harassment." But as the trial court noted, the declarations filed by plaintiffs described differing experiences, and establishing that sexually hostile environment would necessarily require proving the individual acts comprising that hostile environment. The trial court did not clearly err by finding that plaintiffs failed to establish commonality.

**Typicality.** A party seeking class certification must establish that the claims of the named representatives have the same essential characteristics and share a common core of allegations with those of the class as a whole. *Duskin*, 304 Mich App at 656-657. In *Duskin*, this Court concluded that the trial court clearly erred by finding that the named plaintiffs established typicality because the record did not show that "the named representatives have the same essential characteristics regarding all the claims concerning all the different types and methods of discrimination by the various actors that the class definition and the minority males' allegations encompass." *Id.* at 657.

In this case, the claims of the named plaintiffs are not even typical of the other named plaintiffs, let alone of the class as a whole. Plaintiff Hogan alleged that during several strip searches she was subjected to searches in the presence of male officers and told she was a "b****" and had a "fat p***y." In addition, she was forced to remove a tampon during another strip search. Other plaintiffs alleged similar treatment. Plaintiff Miller did not allege a strip search at all, but was observed by male deputies at Hutzel Hospital during labor, after giving birth, and while breastfeeding her child. Plaintiff Thomas alleged that she was denied a sanitary napkin during a strip search, was told to "hurry your flat ass up," and was forced to disrobe for linen exchanges in the presence of male officers and other inmates.

Plaintiffs contend that the trial court erred by focusing on the differences between the various claims, rather than recognizing that the named plaintiffs and the class members are each asserting that they were subjected to unwelcome sexual conduct and sexually inappropriate communication. The incidents described in the plaintiffs' declarations differed widely. One described a group strip search in which the inmate was forced to do "humiliating things." Another described being searched and patted down by male officers when leaving for and returning from health care and trial. While the hundreds of declarations submitted largely contain the same general allegations of strip searches and communications of a sexual nature, the differences are sufficient to defeat plaintiffs' assertion of typicality. The trial court correctly concluded that none of the allegations was typical, each plaintiffs experience was different, and plaintiffs failed to show typicality.

**Superiority.** The superiority requirement is related to the commonality requirement because a class action will be unmanageable if individual questions of fact predominate over common questions. *Duskin*, 304 Mich App at 658. In *Duskin*, this Court concluded that because the trial court had erred by finding that the named plaintiffs established commonality, it also erred by finding that the named plaintiffs had established superiority: "Individual questions of law and fact will predominate over any common questions, making this case unmanageable as a class action." *Id*. a 659.

In this case, the trial court, relying on *Duskin*, correctly found that the disparate issues of law and fact render a class action unmanageable. Plaintiffs contend that the common question of law and fact is whether defendants maintained a sexually hostile jail environment. But in order to establish this sexually hostile environment, plaintiffs must necessarily prove the individual allegations asserted in the complaint and the declarations plaintiffs submitted.

Defendants also contend that this Court lacks jurisdiction to consider plaintiffs' challenge to the trial court's decision on superiority because plaintiffs failed to raise superiority in their application for leave to appeal. Plaintiffs respond that the trial court's decision on superiority was premised on its findings regarding commonality and typicality, which they did contest.

Defendants are correct that plaintiffs failed to properly raise this issue in this Court. In the statement of questions presented in their application for leave to appeal, plaintiffs challenged only the trial court's findings on typicality and commonality; the word "superiority" appears only once, in a description of the requirements for class certification. This Court's order granting leave to appeal limited the appeal to the issues raised in the application and supporting brief. *Hogan v Wayne County*, unpublished order of the Court of Appeals, entered January 12, 2023 (Docket No. 362259). An issue not included in the statement of questions presented is waived. *Seifeddine*, 327 Mich App at 521. But given that this issue is intricately connected with the issue of commonality, this Court may address this issue. As in *Duskin*, because the trial court did not clearly err by finding that plaintiffs had failed to prove commonality, the trial court did not err by finding that plaintiffs failed to prove superiority.

For these reasons, we conclude that the trial court did not err in denying class certification.[4]

CONCLUSION

For the above reasons, we conclude that the trial court erred in determining that those plaintiffs who were on probation or parole, and not physically incarcerated at the time this lawsuit was filed, were "prisoners." Therefore, the trial court erred in dismissing those plaintiffs from this case for failure to comply with the requirements of the PLRA. As for those plaintiffs who were incarcerated, including those incarcerated elsewhere than the Wayne County Jail, the trial court correctly determined that those plaintiffs were "prisoners" and were obligated to comply with the PLRA. Plaintiffs do not challenge the trial court's determination of noncompliance and we conclude that the trial court correctly determined, as to those plaintiffs who were "prisoners" at the time this lawsuit was filed, that dismissal with prejudice was appropriate. Finally, the trial court correctly denied class certification.

Accordingly, we affirm the denial of class certification and the dismissal with prejudice as to those plaintiffs who were "prisoners" at the time of the filing of this lawsuit as set forth in this opinion. We reverse the dismissal of the claims by those plaintiffs who were not "prisoners" as

---

[4] We do note that it is conceivably possible for plaintiffs to establish subclasses and achieve class certification through that route. While we express no opinion on whether that is possible in this case, our decision is without prejudice to plaintiffs pursuing this route if they so choose.

set forth in this opinion and the matter is remanded to the trial court for reinstatement of those claims.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs.

/s/ Kathleen A. Feeney
/s/ James Robert Redford
/s/ Christopher P. Yates